UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:07CV-00037-EHJ

CHARMAINE A. BRASHER                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                  DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Charmaine A. Brasher ("Plaintiff")

seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section

405(g).  Both the plaintiff (DN 10) and the defendant (DN 13) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate

Judge (DN 5) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of

Law and Recommendations.  28 U.S.C. Section 636(b)(1)(B).  By Order entered July 23, 2007 (DN

5), the parties were notified that oral arguments would not be held unless a written request therefor

was filed and granted.  No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on March 23, 2004 (Tr.

56-58).  Plaintiff alleged that she became disabled on May 4, 2003 as a result of vertigo, continual

headaches, right shoulder and right hip pain, neck pain, and pain in both knees (Tr. 56, 72).

Administrative Law Judge George A. Jacobson ("ALJ") conducted a hearing on August 15, 2006

in Evansville, Indiana.  The plaintiff was present and represented by attorney Robert E. Harrington.

Also present and testifying was Lisa Courtney as a vocational expert.

In a decision dated September 20, 2006, the ALJ utilized the five-step sequential

evaluation process for evaluating adult disability claims (Tr. 15-22).  At the first step, the ALJ

determined that plaintiff had not engaged in substantial gainful activity since the alleged onset date

(Tr. 17).  At the second step, the ALJ found from the medical evidence that plaintiff's disorder of

the back, chronic cervical post-laminectomy pain syndrome, and Meniere's disease are "severe"

impairments within the meaning of the regulations (Tr. 17-18).  The ALJ also found that plaintiff's

depression is not a "severe" impairment (Tr. 18).  At the third step, the ALJ found that plaintiff does

not have an impairment or combination of impairments that meets or medically equals one of the

listed impairments in Appendix 1 (Tr. 18).

At the fourth step, the ALJ found that plaintiff is capable of performing less than a

full range of work at the sedentary level due to postural and non-exertional limitations[1] (Tr. 18-21).

Relying on testimony from the vocational expert, the ALJ found that plaintiff is capable of

---

[1]Specifically, the ALJ found as follows:
> "[T]he claimant has the residual functional capacity to lift and carry up to 10 pounds, she can sit for 6 hours and stand/walk for 2 hours in an 8-hour day; and she can occasionally kneel, stoop, and crouch, but never climb, balance, or crawl.  Additionally, the claimant cannot push or pull with the upper or lower extremities, and she must avoid all exposure to hazards like moving machinery, unprotected heights, and uneven surfaces."

(Tr. 18).

performing her past relevant work as a telemarketer (Tr. 21-22). Based on the above findings the

ALJ concluded that plaintiff has not been under a "disability," as defined in the Social Security Act,

from the alleged onset date through the date of the decision (Tr. 22).

Plaintiff timely filed a request for review by the Appeals Council (Tr. 10-11). The

Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits

and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term

"disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result in death
> or which has lasted or can be expected to last for a continuous period of not less than
> twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923

(6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential

evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20

C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have an impairment or combination of
impairments that significantly limits his or her  ability to do basic
work activities?

3

3)      Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the residual functional capacity to return to his or her past relevant work?

5)      Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-8). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff challenges the ALJ's finding that she can return to her past relevant work as a telemarketer as it is generally performed.  The ALJ made this finding at the fourth step in the sequential evaluation process.

At the fourth step, the Administrative Law Judge makes findings regarding the claimant's residual functional capacity[2], the physical and mental demands of the claimant's past relevant work, and the claimant's ability to return to his or her past relevant work.  20 C.F.R. § 404.1520(e).  In regard to the last finding, the relevant inquiry is whether the claimant can return to his or her past type of work rather than just past job.  Studaway v. Secretary of Health and Human Serv's., 815 F.2d 1074, 1076 (6th Cir. 1987).  To support a finding that a claimant can perform his or her past relevant work, the Administrative Law Judge must explain why the claimant can perform the demands and duties of the past job as actually performed, or as ordinarily required by employers throughout the national economy.  Studaway, 815 F.2d at 1076; 20 C.F.R. § 404.1565; Soc. Sec. Rul. 82-61.

Citing Carter v. Secretary of Health and Human Services, 834 F.2d 97, 98-99 (6th Cir. 1987), plaintiff argues the Court should reverse the final decision of the Commissioner because the ALJ applied the wrong job definition in the Dictionary of Occupational Titles ("DOT") to support his finding.  In support of her argument, plaintiff cites her testimony indicating half of the time she was sitting and the other half walking to retrieve and return files that could weigh 20 pounds or more

---

[2]The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. Sections 404.1545(a), 404.1546, 416.945(a), 416.946.  The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments.  20 C.F.R. Sections 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

(Tr. 532-533, 536).  She points out that the DOT definition of telephone solicitor (DOT code 299.357-014) does not envision retrieving and returning files or lifting 20 pounds or more (DN 10).

Carter is factually distinguishable because the Administrative Law Judge did not rely on testimony from a vocational expert.  834 F.2d at 98-99.  Here, the ALJ found that plaintiff has the residual functional capacity to perform less than a full range of work at the sedentary level due to postural and non-exertional limitations (DN 18-21).  The ALJ then considered the vocational expert's testimony about plaintiff's past relevant work as a telemarketer both as she performed it and as the DOT defines it (Tr. 21-22, 561).  Specifically, the vocational expert testified as follows:

> "And then she's been a telemarketer at several [sic], a phone solicitor, whichever you want to call it, at several different places through the years but now she described her work as light.  One place she said she sat and stand [sic] about equal [sic].  The other one she said she stood more but both places she said she lifted around 20 pounds, but in the DOT phone solicitor is sedentary.  It has an SVP of 3.  Light as she did it, sedentary as characterized in the DOT."

(Tr. 561).  The ALJ found while plaintiff is not able to return to her past telemarketing job because she performed it at the light level, she can return to this type of work because it is generally performed at the sedentary level (Tr. 21-22).

The circumstances here are similar to those in Studaway.  815 F.2d at 1076.  In that case, the claimant's past custodial job was performed at the medium exertional level and the Administrative Law Judge found the claimant was limited to work at the light exertional level.  Id. at 1075.  There, like here, the Administrative Law Judge relied on a vocational expert's testimony in finding the claimant was able to perform this past relevant type of work at an exertional level consistent with the claimant's present residual functional capacity.  Id. at 1076.  Again, at the fourth step the relevant inquiry is whether the claimant can return to his or her past relevant type of work

rather than a past job.  Id.  In sum, the ALJ's findings at the fourth step are supported by substantial evidence in the record.  Additionally, the ALJ's findings fully comport with applicable law, including Social Security Ruling 82-62, because the ALJ adequately developed the record regarding the physical and mental demands of plaintiff's past relevant work and the ALJ set forth an adequate rationale for his finding that plaintiff is able to perform her past relevant type of work.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be granted for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed

within ten (10) days or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474

U.S. 140 (1984).

Copies:          Counsel